UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HENCO ENERGY-RICK HENDRIX ENERGY, LLC,** *et al.*, | § § § § |
| Plaintiffs, | § § |
| VS. | §  CIVIL ACTION NO. 4:23-CV-03395 |
| **POWER RENTAL SOLUTIONS, LLC,** *et al.*, | § § § § § |
| Defendants. | § |

**MEMORANDUM & ORDER**

Before the Court are Defendants' Motion to Dismiss for failure to state a claim, ECF No. 88, and Plaintiffs' Motions for Leave to Amend, ECF Nos. 111, 113. For the reasons that follow, the Court finds that the Motions for Leave to Amend should be **DENIED**, the Motion to Dismiss should be **GRANTED**, and all of Plaintiffs' claims should be **DISMISSED WITH PREJUDICE**.

I.  **BACKGROUND**[1]

This case involves a sale of natural gas turbine-fired mobile power generation units ("MPUs") that occurred at some point in 2019. The precise details of the parties' business

---

[1] "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227-28 (5th Cir. 2008) (taking judicial notice of filings in prior litigation in ruling on motion to dismiss). The Court takes judicial notice of the filings and orders in a related state court case styled *Power Rental Solutions, LLC v. Henco Energy-Rick Hendrix Energy, LLC, et. al.*, Case No. 2020-24041 in the 61st District Court of Harris County.

arrangement are somewhat unclear based on the allegations in the complaint. It appears that Plaintiff Henco Energy-Rick Hendrix Energy, LLC ("Henco") operated as a middleman between producers of this type of machinery and prospective buyers. Plaintiff Richard Hendrix serves as the President of Henco. At some point, Plaintiffs entered into a business relationship with Defendants Power Rental Solutions, LLC f/k/a ERS Rental Solutions, LLC and Distributed Power Solutions, LLC (collectively "PRS"), in which PRS planned to purchase equipment from Henco. While courting PRS as a potential buyer, Plaintiffs introduced PRS to third-parties Ethos Energy and Turbine International Resources, LLC ("TRI"). Ethos Energy and TRI often manufactured MPUs and similar equipment for Henco to sell to customers. Customers would at times interact directly with Ethos Energy to discuss machinery specifications.

On or around September 18, 2019, PRS and Henco entered into an agreement ("September Agreement") setting out the terms of Henco's sale of three MPUs to PRS.[2] On September 17, 2019, the day before the September Agreement was formalized, Hendrix spoke on the phone with Defendants Rich Flynn, Scott Milligan, and Ken Johnson, each of whom is a corporate officer for PRS. Although the precise details of that conversation are disputed, there was some discussion of the terms of the MPU sale.

Sometime later, PRS contends that Henco did not tender MPUs meeting the specifications of the September Agreement by the agreed delivery date. In late 2019, Hendrix, Johnson, Flynn, and Milligan emailed back and forth, discussing the issues with the MPUs and possible solutions. These emails grew increasingly confrontational as it became apparent that the parties disagreed as

---

[2] In related state court filings, PRS stated that the parties had a prior contract from April 2019 for the sale of five MPUs. In those proceedings, PRS alleged that Henco failed to provide the MPUs by the purchase order's delivery deadline. Henco denies any responsibility for this failure, stating that TRI, not Henco, was responsible for that sale. However, the Court need not wade into the disputed details of the April transaction, as they are not material to the present controversy.

to who was responsible for the issues with the MPUs. They eventually agreed to a conference call in an attempt to resolve their disagreement. On November 25, 2019, Johnson forwarded the email chain and the logistical information related to the conference call to corporate representatives from TRI and Ethos Energy, as both companies were apparently involved in the manufacturing and production of the MPUs. Unable to come to a satisfactory resolution, PRS eventually took possession of the unfinished MPUs. PRS then retained Ethos Energy to inspect the MPUs and bring them into conformity with the September Agreement's specifications.

Plaintiffs contend that their business relationship with Ethos Energy and TRI suffered as a result of these events. In an unrelated transaction, Plaintiffs were apparently attempting to purchase some unspecified equipment from Ethos Energy. On November 26, 2019, Ethos Energy informed Henco that it had offered PRS right of first refusal on the units and that Henco would need PRS's approval to purchase the units.

Later, PRS brought an action against Henco, Hendrix, and TRI styled *Power Rental Solutions, LLC v. Henco Energy-Rick Hendrix Energy, LLC, et. al.*, Case No. 2020-24041 in the 61st District Court of Harris County, Texas. PRS alleged breach of contract, breach of warranties, and fraudulent inducement related to the September Agreement. During the state court litigation, Henco and Hendrix did not respond to discovery requests, failed to comply with court orders, and did not appear for a hearing to address their misconduct. As a result, the state court imposed sanctions in the form of striking Hendrix and Henco's pleadings. On April 12, 2022, the state court granted summary judgment for PRS on all claims. On April 18, 2022, the court entered final judgment against Henco and Hendrix. That judgment is currently being challenged on appeal.

Henco and Hendrix now bring the present action against PRS, as well as PRS officers Rich Flynn, Scott Milligan, and Ken Johnson.[3] Plaintiffs allege the following claims against PRS: "(1) Intentional Interference with the Existing and Prospective Contract, (2) Intentional Interference with Business Relationship, (3) Business Disparagement, (4) Inducement for Breach of the Fiduciary relationship, (5) Unjust Enrichment, (6) Fraud and (7) Detrimental Reliance; (8) Business disparagement and (9) the right to offset resulting from a decades-old relationship that Plaintiff had established with Ethos and TRI and has been damaged by the Defendants." ECF No. 11 ¶ 14. Against Flynn, Milligan, and Johnson Plaintiffs assert a claim for breach of duty of good faith and fair dealing in addition to seeking declaratory judgment related to the state court proceedings.[4]

This action originated in the Middle District of Tennessee before it was transferred to the Southern District of Texas upon a finding that venue was improper. ECF No. 78. Defendants now move to dismiss on the basis that Plaintiffs' claims were compulsory counterclaims in the state litigation, meaning that Plaintiffs are precluded from raising them at this juncture. ECF No. 88. Plaintiffs move for leave to amend their complaint. ECF Nos. 111, 113.

---

[3] Plaintiffs originally brought claims against PRS's attorney in the state court action, Robert Safi. The claims against Safi were subsequently dismissed with prejudice pursuant to a joint stipulation. ECF Nos. 106, 107.
[4] Specifically, Plaintiffs seek declaration that (1) "at no time in that conversation on or about September 17, 2019, by phone and email, did Hendrix represent to PRS, inter alia, that Henco would be responsible for repairing and delivering three gas turbine packages to PRS in certain agreed-upon conditions and by agreed-upon dates, with penalties should the units not be timely delivered," (2) "the allegation about fraudulent inducement contained in the PRS' third amended pleading was made up by Mr. Safi by his admission to benefit PRS and indirectly, Rich Flynn, Scott Milligan, and Ken Johnson," (3) "Plaintiff Dr. Richard Hendrix, is not liable for fraudulent inducement against PRS, as alleged under State Case number: 2020-24041, tiled, PRS v. Henco LLC, et al. in the 61st, Judicial District Court of Harris County, Texas," and (4) "[Henco] has fulfilled any preconditions, notices, and duties owed to Defendants and PRS under the Contract." ECF No. 11 ¶¶ 101-04.

## II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such a motion, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading need not contain detailed factual allegations but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

## III. ANALYSIS

### a. Plaintiffs' Claims are Barred by Res Judicata

Defendants argue that all claims against them are precluded by the final judgment in the Texas litigation. Texas law on res judicata governs where a court seeks to assess the preclusive effect of a prior Texas judgment. *See Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595, 605 (5th Cir. 2021). The following conditions must be met for res judicata to apply: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008).

Dismissal under Rule 12(b)(6) is appropriate where the pleadings and judicially noticed facts make it apparent that the claims are barred by res judicata. *3 Star Properties*, 6 F.4th at 604.

### i. Claims Against PRS

The first res judicata prong asks whether there is a final judgment on the merits. In the prior litigation, the state court granted PRS's motion for summary judgment on all claims, after which it entered final judgment in PRS's favor on April 18, 2022. Plaintiffs argue that this ruling does not have a preclusive effect because it is currently being challenged on appeal. Not so. "Texas law affords final judgments res judicata effect even during the pendency of an appeal." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 516 (Tex. 2014). Thus, the pending appeal has no bearing on the preclusive effect of the state litigation.

Plaintiffs next contend that the state court proceeding was not an adjudication on the merits because the state court's sanctions interfered with Hendrix and Henco's ability to mount a defense. Courts applying Texas law have rejected this argument. Addressing almost identical circumstances to those at hand, the court in *Reliance Capital, Inc. v. G.R. Hmaidan, Inc.* found that an order granting summary judgment in the prior litigation was an adjudication on the merits even though the court had previously struck the defendants' pleadings as a discovery sanction. No. 14-07-01059-CV, 2009 WL 1325441, at *4 (Tex. App. May 14, 2009); *see also Matter of Gober*, 100 F.3d 1195, 1205 (5th Cir. 1996) (finding that there was a final judgment on the merits under Texas law despite the imposition of discovery sanctions striking the defendant's pleadings); *Fernandez v. Mem'l Healthcare Sys., Inc.*, 896 S.W.2d 227, 231 (Tex. App. 1995) (finding that an order granting a summary judgment motion which the non-movant failed to respond to was an adjudication on the merits because the order stated that the judge considered the motion and found it to be "meritorious"). Accordingly, the discovery sanctions levied against Plaintiffs during the

state litigation do not impinge on the preclusive effect of that judgment, and the judgment rendered in the state litigation is a final judgment on the merits.[5]

The second res judicata prong asks whether the parties in both cases are identical or in privity with the litigants in the prior action. This requirement is met, as PRS, Henco, and Hendrix were all parties to the state litigation.

The third prong assesses whether the cases involve the same claims. This includes claims that could have been brought in the first action but were not raised. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). Compulsory counterclaims that were not raised in the prior litigation are similarly barred. *Williams v. Nat'l Mortg. Co.*, 903 S.W.2d 398, 404 (Tex. App. 1995) ("Where a counterclaim is compulsory, a defendant is barred by the doctrine of res judicata from asserting the claim in a later lawsuit."). To determine whether a counterclaim is compulsory, Texas courts use the "logical relationship test." *Id.* This test "requires that at least some of the facts surrounding the causes of action arise from the same transaction or occurrence." *Id.*

The logical relationship test is met in this case, as both cases arise from the same MPU sale and its surrounding events. Disregarding Plaintiffs' numerous conclusory allegations, Plaintiffs' claims against PRS boil down to three factual allegations: (1) PRS copied Ethos Energy on an email chain in which PRS and Henco had previously discussed the issues with the MPUs and Henco's failure to remediate the problem, (2) Henco sought to purchase unspecified machinery from Ethos Energy but was prevented from doing so because Ethos Energy gave PRS right for first refusal, and (3) PRS contracted directly with Ethos Energy to obtain the necessary repairs to

---

[5] Plaintiffs also state that that judgment is not binding because "Henco and Hendrix were never served to appear" in the state litigation. ECF No. 102 at 3. That is plainly false. As evidenced by the state court docket, they were served, and, in fact, they actively participated throughout much of the multi-year litigation.

make the MPUs conform to the September Agreement's specifications.[6] Each of these allegations is directly related to the transaction that formed the basis for the state litigation — namely, the MPU sale. The email chain on which PRS copied Ethos Energy was discussing how to remediate Henco's alleged breach of the September Agreement. Henco's inability to purchase the unspecified machinery from Ethos Energy due to PRS's right of first refusal, according to Henco, occurred as a result of Ethos Energy and Henco's worsening relationships after the MPU sale fallout. Finally, PRS's contract for repairs with Ethos Energy, from which Henco proclaims it was wrongly excluded, only came about because of the deficiencies with the MPUs. Because both the state litigation and the current action arise from the same transaction, Plaintiffs' current claims were compulsory counterclaims in the state litigation. The Court finds that res judicata precludes them from being raised at this juncture.[7]

### ii. Claims Against Flynn, Milligan, and Johnson

Res judicata likewise bars Plaintiffs' claims against Flynn, Milligan, and Johnson. As discussed above, the first res judicata prong is satisfied because a final judgment on the merits was entered in the state court case.

Further, Flynn, Milligan, and Johnson are all in privity with PRS such that they meet the requirements of the second prong. "There is no general definition of privity that can be

---

[6] Plaintiffs' Complaint includes a plethora of extreme claims regarding Defendants' "fraud," "lies," "threats," "scheme[s]," "misrepresentation[s]," "bullying," "extort[ion]," "undercutting," "slandering," and "defaming," among other things. *See, e.g.*, ECF No. 11 ¶ 33, 55, 56, 57, 62, 65, 66, 69, 81. Upon closer examination, however, it appears that all of these conclusory allegations are referring to one of the three events listed above.

[7] This conclusion is supported by applications of res judicata in similar cases. In one such case, an exploration company attempted to bring a negligence action against a well driller and an employee of the well driller. *Compass Expl., Inc. v. B-E Drilling Co.*, 60 S.W.3d 273, 278 (Tex. App. 2001). Res judicata barred the action, however, because the well driller had previously obtained judgment against the exploration company for breach of contract, and the Court found that the negligence action was a compulsory counterclaim in the first suit. *Id.* As was the case in *Compass*, here Plaintiffs assert tort claims related to the transaction that was the subject of the prior litigation.

8

automatically applied in all res judicata cases; the circumstances of each case must be examined." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). "Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to the party." *Id.* Flynn, Milligan, and Johnson's interests were represented by PRS in the state litigation, as all four entities have a common interest in refuting Plaintiffs' version of events. Further, Flynn, Milligan, and Johnson are officers of PRS, and all of the claims against them address actions taken while they represented PRS in the MPU sale. Generally, there is a finding of privity for res judicata purposes between officers of a company and the company itself. *See Mattlage-Thurmond v. First Nat'l Bank of McGregor*, No. 06-23-00040-CV, 2023 WL 8008361, at *5 (Tex. App. Nov. 20, 2023) ("[D]irectors, officers, and employees of a company are in privity with the company for purposes of *res judicata*."); *Grynberg v. BP, P.L.C.*, 527 F. App'x 278, 282 n.4 (5th Cir. 2013) (holding that Chief Executive Officer of the company that was a party to the prior litigation was in privity with the company for purposes of res judicata); *Miller v. State & Cnty. Mut. Fire Ins. Co.*, 1 S.W.3d 709, 713 (Tex. App. 1999) (same). Accordingly, the Court finds that Flynn, Milligan, and Johnson were in privity with PRS, meeting the second requirement for res judicata to apply.

With respect to the third prong, the claims against Flynn, Milligan, and Johnson arise from the same MPU sale at issue in the state litigation. Plaintiffs seek declaratory judgment that: (1) "at no time in that conversation on or about September 17, 2019, by phone and email, did Hendrix represent to PRS, inter alia, that Henco would be responsible for repairing and delivering three gas turbine packages to PRS in certain agreed-upon conditions and by agreed-upon dates, with penalties should the units not be timely delivered," (2) "the allegation about fraudulent inducement contained in the PRS' third amended pleading was made up by Mr. Safi by his admission to benefit

PRS and indirectly, Rich Flynn, Scott Milligan, and Ken Johnson," (3) "Plaintiff Dr. Richard Hendrix, is not liable for fraudulent inducement against PRS, as alleged under State Case number: 2020-24041, tiled, PRS v. Henco LLC, et al. in the 61st, Judicial District Court of Harris County, Texas," and (4) "[Henco] has fulfilled any preconditions, notices, and duties owed to Defendants and PRS under the Contract." ECF No. 11 ¶¶ 101-04. Each of these issues plainly arise from the same transaction that was the subject of the state litigation, and thus res judicata bars Plaintiffs from bringing these claims.

Likewise, Plaintiffs' claim for breach of duty of good faith and fair dealing alleges that Flynn, Milligan, and Johnson misrepresented the content of their September 17, 2019 call with Hendrix. This call was the precise basis for PRS's fraudulent inducement action in the state court proceedings. Further, this call was to discuss the terms of the September Agreement, which formed the basis of PRS's other claims in the state litigation. Thus, this claim arises out of the same transaction as the prior litigation, making it a compulsory counterclaim. By failing to assert it during the state litigation, Plaintiffs have lost their ability to bring it at this stage. Accordingly, the Court finds that all of Plaintiffs' claims against the individual Defendants are barred by res judicata.

Because res judicata precludes all of Plaintiffs' claims, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

### b. Amendment of Plaintiffs' Complaint Would be Futile

Plaintiffs previously filed an amended complaint without leave of the Court in violation of Rule 15. ECF No. 98. Defendants moved to strike the amended complaint. ECF No. 100. In a hearing on January 12, 2024, the Court struck Plaintiffs' amended complaint. *See* Docket Entry 01/12/2024. Plaintiffs now move for leave to file a Third Amended Complaint in order to "clarify

the dispute between the parties." ECF Nos. 111. Plaintiffs have subsequently submitted a revised Motion to Amend along with their proposed amended complaint. ECF No. 113.

Leave to amend should be denied where amendment would be futile. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009). Having reviewed the proposed amended complaint, the Court finds that amendment would be futile, as the revisions do not address the deficiencies identified above. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (affirming district court's denial of leave to amend where motion to amend revealed no new facts that would resolve the existing pleading deficiencies). Although Plaintiffs' proposed amendment alleges a new civil conspiracy theory, it includes no new material facts.[8] Thus, the claims brought against PRS, Flynn, Milligan, and Johnson in the amended complaint would similarly be barred by res judicata.

Plaintiffs' proposed amendment also seeks to add the following new Defendants: (1) Mustang Caterpillar; (2) John Fabick Caterpillar; (3) Louisiana Caterpillar; (4) Jerry Young, in-house counsel for PRS, and (5) Mike Fisher, former President of Ethos Energy. Plaintiffs' allegations against each of these would-be defendants are plainly frivolous. Plaintiffs makes no

---

[8] Plaintiffs attempt to circumvent the preclusive effect of the state court judgment by stating in their amendment that "Henco become aware of the injuries in this complaint on June 16, 2022, while reviewing documents for the Appeal of the [state] case," referring to documents attached to PRS's motion for summary judgment in the state proceedings. ECF No. 113-1 ¶ 17; 27. This statement is puzzling, as the neither the amended complaint nor the operative complaint are based on facts that Plaintiffs would not have been aware of during the state litigation. Further, the "series of revealing documents" Plaintiffs supposedly discovered while formulating their appeal in the state litigation are neither new nor revealing. ECF No. 113-1 ¶ 17. These documents, labeled Exhibit 15, are merely a set of invoices between PRS and Ethos Energy from 2020 and 2021, detailing the repairs PRS obtained from Ethos Energy related to the MPUs. But Plaintiffs were already aware that PRS contracted with Ethos Energy to repair the MPUs. The invoices reveal no additional information, except perhaps the precise dollar figure of PRS's damages. Further, these documents are hardly new. They were filed along with PRS's motion for summary judgment in the state litigation to show PRS's damages from Henco's breach. Far from providing new facts upon which Plaintiffs could base a claim that wouldn't be barred by res judicata, these documents serve to further support the Court's conclusion that the present litigation is closely related to the state litigation.

factual allegations related to the conduct of Mustang Caterpillar, John Fabick Caterpillar, or Louisiana Caterpillar. In fact, aside from listing them as parties, the amended complaint does not mention them at all.

As for Young, Plaintiffs seek to add him to their claims against Flynn, Milligan, and Johnson. As in-house counsel for PRS, Young would be in privity with PRS for the purposes of res judicata. Further, Plaintiffs make no factual allegations as to Young apart from their general conclusory allegations against all of the individual defendants. As a result, Plaintiffs' potential claims against Young would be precluded, just as the claims against Flynn, Milligan, and Johnson are.

Finally, Plaintiffs seek to add Fisher, the former President of Ethos Energy. The amended complaint asserts the same claims against Fisher as it brings against Young, Flynn, Milligan, and Johnson. However, the amended complaint alleges no material facts related to Fisher's conduct. Instead, it merely repeats the same conclusory allegations that Fisher "conspired" with various other Defendants and "was involved in the scheme to circumvent [Henco]." ECF No. 113-1 ¶ 29, 95, 99, 102. 110. None of the allegations against Fisher suffice to state a claim.

In sum, the Court finds that amendment would be futile. Accordingly, Plaintiffs' Motions for Leave to Amend are **DENIED**.

### IV.   CONCLUSION

Plaintiffs' Motions for Leave to Amend, ECF No. 111, 113, are **DENIED**. Defendants' Motion to Dismiss, ECF No. 88, is **GRANTED**. Plaintiffs' claims against all Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on February 20, 2024.

                                                    Keith P. Ellison
                                                    United States District Judge